# DEPARTMENT OF PROFESSIONAL REGULATION (BOARD OF PHARMACY) v GOLDSTEIN and CENTER PHARMACY

## Case Nos. 87-3151 and 87-3913

State of Florida, Division of Administrative Hearings

December 9, 1987

### APPEARANCES OF COUNSEL

**William O'Neil** for petitioner.

**Michael A. Atter** for respondents.

### OPINION OF THE COURT

MICHAEL M. PARRISH, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to notice a formal hearing was conducted on November 10, 1987, at Jacksonville, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings. The parties were represented at the hearing.

## ISSUES AND INTRODUCTION

These two consolidated cases are both license discipline cases in which the Petitioner seeks to take disciplinary action against an individual pharmacist and a community pharmacy for various statutory violations which are alleged in separate Administrative Complaints. At the hearing the Respondents admitted some of the allegations of the Administrative Complaints. Thereafter both the Petitioner and the Respondents presented testimony and exhibits. At the conclusion of the hearing, the parties decided not to order a transcript of the hearing. The parties were allowed until November 25, 1987, within which to file their proposed recommended orders. BOth parties filed timely proposed recommended orders containing proposed findings of fact and conclusions of law. Specific rulings on all proposed findings of fact submitted by the parties are contained in the Appendix which is attached to and incorporated into this recommended order.

## FINDINGS OF FACT

Based on the stipulations and admissions of the parties, on the exhibits received in evidence, and on the testimony of the witnesses at hearing, I make the following findings of fact.

### Findings based on stipulations and admissions

1. Respondent Gus Goldstein is, and has been at all times material hereto, a pharmacist in the State of Florida, having been issued license number PS 0005354. Respondent's last known address is 110 East Adams Street, Jacksonville, Florida 32202.

2. Respondent Gus Goldstein is and has been at all times material hereto, designated as the prescription department manager of Center Pharmacy, a community pharmacy in the State of Florida, having been issued permit number PH 0002430 and located at 110 East Adams Street, Jacksonville, Florida 32202.

3. On or about December 23, 1986, a pharmacy medication audit was conducted at Center Pharmacy for the period between approximately June 1, 1986 and December 23, 1986. That audit revealed that the Respondents' records for the period of June 1, 1986, through December 23, 1986, failed to account for the following:

| Description | Bought | Dispensed | Unaccounted For |
| --- | --- | --- | --- |
| Tylenol #3 w/codeine | 4200 | 2101 | 2098 |
| Tylenol #4 w/codeine | 5000 | 2600 | 2400 |
| Florinal #3 | 1900 | 1810 | 90 |
| Valium 5mg. | 900 | 380 | 520 |

225

| Description | Bought | Dispensed | Unaccounted For |
|---|---|---|---|
| (Diazepam 5mg.) | | | |
| Valium 10mg. | 2200 | 1600 | 600 |
| (Diazepam 10mg.) | | | |

4. Tylenol #3 with Codeine and APAP with Codeine 30mg are "medicinal drugs" as defined in Section 465.003(7), Florida Statutes, which contain codeine, a controlled substance, in such quantity that they are included in Schedule III of Chapter 893, Florida Statutes.

5. Tylenol #4 with Codeine and APAP with Codeine 60mg are "medicinal drugs" as defined in Section 465.003(7), Florida Statutes, which contain codeine, a controlled substance, in such quantity that they are included in Schedule III of Chapter 893, Florida Statutes.

6. Fiorinal #3 with Codeine is a "medicinal drug" as defined in Section 465.003(7), Florida Statutes, which contains codeine, a controlled substance, in such quantity as to be included in Schedule III of Chapter 893, Florida Statutes.

7. Valium is a brand name of a "medicinal drug" as defined in Section 465.003(7), Florida Statutes, which contains diazepam, a controlled substance, which is listed in Schedule IV of Chapter 893, Florida Statutes.

8. Tylenol #3 with Codeine is a brand name of a "medicinal drug" as defined in Section 465.003(7), Florida Statutes, which contains a sufficient quantity of codeine, a controlled substance, to be listed in Schedule III of Chapter 893, Florida Statutes.

9. Respondent Center Pharmacy is, and has been at all times material hereto, the permittee of Center Pharmacy, a community pharmacy, located in the State of Florida at 110 East Adams Street, Jacksonville, Florida 32202, having been issued permit number PH 0002430.

10. Respondent Center Pharmacy has, and had at all times material hereto, Gus Goldstein, a pharmacist in the State of Florida having been issued license number PS 0005354, designated as its prescription department manager.

11. Respondent Center Pharmacy is, and has been at all times material hereto, registered with the United States Drug Enforcement Administration. Respondent has been issued certificate of Registration Number AC 5050719.

*Findings based on the evidence adduced at the hearing*

12. On or about October 27, 1986, Respondent Gus Goldstein created a record which purported to be a telephone prescription

226

(#1160450) for F.W. for Tylenol #3 with Codeine, purportedly prescribed by Dr. Samuel J. Alford, M.D. The prescription (#116-450) for F.W. for Tylenol #3 with Codeine was not authorized by Dr. Samuel J. Alford, M.D. Respondent Gus Goldstein dispensed Tylenol #3 with Codeine to F.W. without first being furnished with a prescription. Respondent Gus Goldstein knew that the purported telephone prescription (#116-450) for F.W. was a false record.

13. During the process of dispensing drugs, normally there will be small errors in the counting of the drugs. These small errors will result in shortages in the drug inventory which cannot be accounted for. If proper record-keeping and dispensing practices are followed, the shortages resulting from these small errors normally will be in the range of from 1 percent to 2 percent of drugs dispensed; certainly no more than 3 percent of drugs dispensed. Shortages greater than 3 percent of drugs dispensed are indicative of a failure to follow proper record-keeping and dispensing practices.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact and on the applicable statutes, rules, and court decisions, I make the following conclusions of law.

1. The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to this proceeding. § 120,57, Fla. Stat.

2. Section 893.07(1)(b), Florida Statutes, requires that every person dispensing or distributing controlled substances shall

. . . maintain, on a current basis, a complete and accurate record of each substance manufactured, received, sold, delivered, or otherwise disposed of by him, except that this subsection shall not require the maintenance of a perpetual inventory.

3. Section 893.07(5), Florida Statutes, imposes the following additional record-keeping requirement on every person dispensing or distributing controlled substances:

(5) Each person shall maintain a record which shall contain a detailed list of controlled substances lost, destroyed, or stolen, if any; the kind and quantity of such controlled substances; and the date of the discovering of such loss, destruction, or theft.

4. Section 893.13(2)(a)2, Florida Statutes, provides that it is unlawful for any person:

2. To refuse or fail to make, keep, or furnish any record, notification, order form, statement, invoice, or information required under this chapter.

227

5. Section 465.003(7), Florida Statutes, contains the following definitions:

(7) "Medicinal drugs" or "drugs" means those substances or preparations commonly known as "prescription" or "legend" drugs which are required by federal or state law to be dispensed only on a prescription, but shall not include patents or proprietary preparations as hereafter defined.

6. Section 465.015(2)(c), Florida Statutes, provides that it is unlawful for any person to "sell or dispense drugs as defined in s. 465.003(7) without first being furnished with a prescription."

7. Section 465.016(1), Florida Statutes, provides that the following acts, among others, shall be grounds for disciplinary action against a licensed pharmacist:

. . .

(e) Violating any of the requirements of this chapter; chapter 499, known as the Florida Drug and Cosmetic Act; 21 U.S.C. §§ 301-392, known as the Federal Food, Drug, and Cosmetic Act; 21 U.S.C. §§ 821 et seq., known as the Federal Drug Abuse Act; or chapter 893.

. . .

(j) Making or filing a report or record which the licensee knows to be false, intentionally or negligently failing to file a report or record required by federal or state law, willfully impeding or obstructing such filing, or inducing another person to do so. Such reports or records include only those which the licensee is required to make or file in his capacity as a licensed pharmacist.

8. Section 465.023(1)(c), Florida Statutes, provides that disciplinary action may be taken against a pharmacy permittee who has:

(c) Violated any of the requirements of this chapter of any of the rules of the Board of Pharmacy; of chapter 499, known as the "Florida Drug and Cosmetic Act"; of 21 U.S.C. §§ 301-392, known as the "Federal Food, Drug, and Cosmetic Act"; of 21 U.S.C. §§ 821 et seq., known as the Federal Drug Abuse Act; or of chapter 893. . . .

9. Rule 21S-1.023, Florida Administrative Code, provides that no person shall own, operate, maintain, open, establish, conduct, or take charge of any pharmacy wherein the sale, possession, or transfer of possession, either with or without prescription, of any medicinal drug is done in violation of the laws of the State of Florida or any federal laws.

10. Count One of the Administrative Complaint in Case Number 87-3151 charges a violation of Section 465.016(1)(e), Florida Statutes, on the grounds that Gus Goldstein has violated one or more provisions of Section 893.07, Florida Statutes. By not having records to account for the controlled substances itemized in Paragraph 3 of the Findings of Fact, Gus Goldstein is in violation of Section 893.07(1)(b) and Section 893.07(5), Florida Statutes, and is, therefore, in violation of Section 465.016(1)(e), Florida Statutes. Accordingly, Gus Goldstein should be found guilty of the violation charged in Count One of the Administrative Complaint in Case Number 87-3151.

11. Count Two of the Administrative Complaint in Case Number 87-3151 charges a violation of Section 465.016(1)(e), Florida Statutes, on the grounds that Gus Goldstein has violated Section 893.13(2)(a)2, Florida Statues, by refusing or failing to keep required records. By not having records to account for the controlled substances itemized in Paragraph 3 of the Findings of Fact, Gus Goldstein is in violation of Section 893.13(2)(a)2, Florida Statutes, and is, therefore, in violation of Section 465.016(1)(e), Florida Statutes. Accordingly, Gus Goldstein should be found guilty of the violation charged in Count Two of the Administrative Complaint in Case Number 87-3151.

12. Count Three of the Administrative Complaint in Case Number 87-4151 charges a violation of Section 465.016(1)(e), Florida Statutes, on the grounds that Gus Goldstein has violated Section 465.015(2)(c), Florida Statutes, by dispensing drugs without first being furnished with a prescription. This count also charges that Gus Goldstein has violated Section 465.016(1)(j), Florida Statutes, by making a record he knew to be false. By dispensing Tylenol #3 with Codeine to F.W. without an authorized prescription, Gus Goldstein has violated Section 465.015(2)(c), Florida Statutes. By preparing a false record of a telephone prescription for Tylenol #3 with Codeine for F.W., Gus Goldstein has violated Section 465.016(1)(j), Florida Statutes. Accordingly, Gus Goldstein should be found guilty of the violation charged in Count Three of the Administrative Complaint in Case Number 87-3151.

13. Count Four of the Administrative Complaint in Case Number 87-3151 charges a violation of Section 465.016(1)(e), Florida Statutes, on the grounds that Gus Goldstein has violated a requirement of Section 893.04(1), Florida Statutes. Section 893.04(1), Florida Statutes, sets forth the conditions under which a pharamacist may dispense controlled substances ". . . upon a written or oral prescription of a practitioner." Section 893.04(1), Florida Statutes, does not apply to the

dispensing of controlled substances *without* a prescription. The dispensing of a controlled substance to F.W. was not a violation of Section 893.04(1), Florida Statutes, because that controlled substance was not dispensed upon a prescription of a practitioner. According, the violation charged in Count Four of the Administrative Complaint in Case Number 87-3151 should be dismissed.

### The charge against Center Pharmacy Case No. 87-3913

14. The Administrative Complaint in Case Number 87-3913 charges Center Pharmacy with one count of having violated Section 465.23(1)(c), Florida Statutes, by having violated one or more provisions of Section 893.07, Florida Statutes, and/or with having violated a rule of the Board of Pharmacy. By not being able to account for the controlled substances itemized in Paragraph 3 of the Findings of Fact, Center Pharmacy has violated Section 893.07(1)(b) and Section 893.07(5), Florida Statutes, and is, therefore, in violation of Section 465.023(1)(c), Florida Statutes. Accordingly, Center Pharmacy should be found guilty of the violation charged in the Administrative Complaint in Case Number 87-3913.

15. By way of mitigation, the Respondents have argued that these are not particularly egregious violations because the failure to account of the controlled substances itemized in Paragraph 3 of the Findings of Fact is merely the result of poor record keeping or negligence in record keeping; not the result of any deliberate or willful act. The evidence in these cases does not support the Respondents' arguments, because the sheer magnitude of the unaccounted for controlled substances indicates that there were serious deficiencies in the Respondents' record keeping and dispensing practices.

### RECOMMENDATION

Based on all of the foregoing, I recommend that the Board of Pharmacy enter a final order in these consolidated cases to the following effect:

(a) Finding the Respondent Gus Goldstein guilty of the violations charged in Counts One, Two, and Three of the Administrative Complaint in Case Number 87-3151;

(b) Dismissing the violation charged against Gus Goldstein in Count Four of the Administrative Complaint in Case Number 87-3151;

(c) Imposing an administrative fine against Gus Goldstein in the amount of five hundred dollars ($500.00) for each of the violations of which he is fund guilty; i.e., administrative fines totaling fifteen hundred dollars ($1,500.00);

230

(d) Revoking Gus Goldstein's license to practice pharmacy;

(e) Finding the Respondent Center Pharmacy guilty of the violation charged in the Administrative Complaint in Case Number 87-3913;

(f) Imposing an administrative fine against Respondent Center Pharmacy in the amount of five hundred dollars ($500.00); and

(g) Revoking the permit of Center Pharmacy.

DONE AND ENTERED this 9th day of December, 1987, at Tallahassee, Florida.